SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARLENE R. ESPOSITO,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:10-cv-980 (RLW) |
| **DEPARTMENT OF TREASURY, et al.,** | ) |
| Defendants. | ) |

**MEMORANDUM OPINION** [1]

In the present action, *pro se* Plaintiff Darlene R. Esposito brings claims against the Department of the Treasury, the Internal Revenue Service, John O'Dea, Desere Lazar, and Steven Onken. Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), all defendants seek dismissal of the complaint. (Doc. 6.) For the reasons set forth below, the Court finds Plaintiff's claims are due to be dismissed. [2]

**A.   Plaintiff's Claims**

In her complaint, filed May 25, 2010, Plaintiff indicates the "[i]ssues involve [sic] of the assessment and Levi [sic] of Social Security Administration benefits are invalid by the failure to

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

[2] This court has construed Plaintiff's claims liberally, as it must do with *pro se* litigants, and construed the facts in the light most favorable to Plaintiff. *See Kim v. United States*, 618 F. Supp. 2d 31, 37 (D.D.C. 2009), *rev'd on other grounds,* 632 F.3d 713, 717 (D.C. Cir. 2011).

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

apply due process of law provisions without a property hearing or trial." (Doc. 1, Compl. at ECF p. 3.)  In addition to challenging the "illegal tax" on her social security benefits, Plaintiff seems to base her lawsuit on these alleged due process violations: (1) the IRS's failure to provide a hearing or trial with respect to the assessment and levy of her social security benefits to satisfy payment of her federal taxes, (2) the IRS's failure to obtain authorization from Plaintiff to undertake the levy; (3) the IRS's undertaking of the levy in the absence of her disclosure of bank account information; and (4) Defendant Lazar and O'Dey's failure to allow Plaintiff to inspect or photocopy documents relating to the tax debt.  (*Id*. at ECF pp. 3-5.)  Additionally, Plaintiff complains about unarticulated "overt acts" by IRS employees.  (*Id*. at ECF 4-5.)  Finally, she mentions the Taxpayer's Bill of Rights at various points and claims the IRS's collection efforts did not comply with "federal collections standards."  (Compl. at ECF p. 3.) [3]

As a remedy for these alleged violations, Plaintiff seeks: (1) "review within the agency

---

[3]  Plaintiff also cites to various "laws" that are unintelligible.  *See*, *e.g.,* "389-Theft of Identity," "70 Vextious suits." (Compl. at ECF p. 5.)  For the cited laws that are intelligible, she fails to allege any facts which might support claims under these laws.  *See, e.g.,* E.R.I.S.A., 42 U.S.C. § 407 (involving assignment of certain benefits); 20 C.F.R. § 404.1066 (involving issues relating to self-employed persons).

Although Plaintiff attached an August 20, 2009 and January 21, 2009 FOIA response letter from the Department of Treasury to her complaint, she does not appear to raise FOIA claims.  (Comp. at ECF p. 8.)  Rather, in her complaint, she mirrors language found in the letters by noting that some of the requested information was collected by the Secretary of the Treasury for law enforcement purposes and, therefore, was exempt from disclosure.  (Compl. at ECF p. 4, 7-11.)  Accordingly, she explains that the information in her complaint should be kept confidential.  (*Id*. at ECF p. 4.)

Plaintiff also makes a reference to the Privacy Act and disclosure of her tax information to some unknown source.  However, the IRS code preempts Privacy Act remedies for disclosures of tax information because 26 U.S.C. § 6103 is the "exclusive remedy for a taxpayer claiming unlawful disclosure of his or her tax returns and tax information." *Gardner v. United States*, 213 F.3d 735, 741-42 (D.C. Cir. 2000), *aff'g* No. 96-1467, 1999 WL 164412 (D.D.C. Jan 29, 1999).

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

including the opportunity to present evidence that all or part of the debt is past due or legally enforceable" [4]; (2) the opportunity to enter into a written repayment agreement with the agency; and (3) "liab[ility] in the administrative benefit of $1,483.69." (*Id*. at ECF p. 3, 5.) [5]

### B.   Assessment Claims: Lack of Subject Matter Jurisdiction

Plaintiff's attempt to challenge the assessment of her taxes must fail because the instant Court does not have jurisdiction to hear such assessments claims. In her complaint, Plaintiff challenges tax assessments for tax years 1996-1998. (Compl. at ECF p. 4.); (Doc. 5, Pl.'s Resp. at 10) ("The assessment [sic] made was not founded on <u>evidence</u>."); (Doc. 5, Pl.'s Resp. at 7) ("The Claim before the DC Superior Court was initiated for a claim for a refund of the Administrative Benefit, $1,498.00 ").

This is not the first time she has challenged the assessments for these same years; Plaintiff has litigated and re-litigated this assessment claim, both in the Tax Court, other Federal District Courts and the Third Circuit Court of Appeals countless times. *See*, *e.g., Esposito v. Commissioner of Internal Revenue*, 81 TCM (CCH) 1718, 2001 WL 617217 (2001); *Esposito v. Commissioner, IRS*, No. Civ. A. 04-2196 (HAA), 2005 WL 567314 (D.N.J. Feb. 15, 2005);

---

[4] There is evidence in the record that Plaintiff hired attorney Edward Zelazo to handle the tax assessment matter. (*See* Doc. 1, Compl. at ECF p. 3; Doc. 2 at ECF p. 20-22.) She claims the agency failed to consider evidence presented by him. (Compl. at 3.)

[5] Plaintiff filed her action in the District of Columbia Superior Court and it was removed to the instant court by defendants. In her response to Defendants' motion, Plaintiff also demands an injunction to "improve the efficiency under the Administrative procedures Act," and removal "back to the superior court." (Doc. 9, Pl.'s Response at ECF p. 5.) She later adds demands for "personal injury, medical monitoring, fear of future injury, deceptive trade practices (inviting treble damages), and punitive damages." (*Id*. at ECF p. 20.)

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

*Esposito v. Commissioner of Internal Revenue*, No. 01-3617, 364 Fed. Appx. 348 (3rd Cir. February 21, 2003) (affirming decision of the Tax Court); Doc. 5, Pl.'s Resp. at 5 (The "[s]ame or Similar Complaint was filed in the US and the US Federal District Court for the District of Massachusetts and was dismissed on September 17, 2008, cv-12138-EFH.").

Indeed, in 2001, Plaintiff raised these same assessment claims before another judge of this court who dismissed the complaint for lack of subject matter jurisdiction. *See Esposito v. Commissioner of Internal Revenue*, 208 F. Supp.2d 44 (D.D.C. 2002). The United States Court of Appeals for the District of Columbia affirmed the dismissal because the district court lacked jurisdiction to review decisions of the United States Tax Court. *Esposito v. Commissioner of Internal Revenue*, No. 02-5295, 2002 WL 31818480 (D.C. Cir. Dec. 13, 2002). [6]

Yet, Plaintiff continues to seek relief in the present lawsuit arguing that the instant court has jurisdiction to reverse the "lower Court judgment or grant a new trial." (Doc. 3, Pl's pleading at ECF p. 1.) As one judge in the United States District Court for the District of New Jersey has warned:

> As an aside, the Court takes this opportunity to explain that to the extent that Ms. Esposito seeks review of the actions by the Tax Court, the District Court for the District of Columbia and the Third Circuit, such matters cannot be brought before the District Court for the District of New Jersey and do not present a cognizable

---

[6] The instant court notes that recent Court of Claims decisions also affirmed the denial Plaintiff's refund claim for tax years 1999 and 2000. *Esposito v. United States*, 67 Fed. Cl. 704 , 2004 WL 2181077 (2004); *Esposito v. United States*, 70 Fed. Cl. 558 (2006).
As numerous courts have observed, Plaintiff is no stranger to litigation. *See Esposito*, 2005 WL 567314, at *1 (citing cases and noting that "[s]ince 1990, [Plaintiff] has filed no fewer than thirteen actions with the [federal] District of New Jersey, all of which were summarily dismissed"). As of March 29, 2012, a nationwide PACER search shows at least thirty federal district court and five federal appellate court cases that Plaintiff has filed.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

> cause of action. Any further pleadings or complaints filed in this Court seeking such relief will undoubtedly be summarily dismissed.

2005 WL 567314, at n.3.  As predicted, Plaintiff's assessment claims will be dismissed. [7]

**C      Collection Claims**: **Lack of Subject Matter Jurisdiction**

To the extent Plaintiff challenges the IRS's actual collection efforts, including levy of her social security benefits, her claims will likewise be dismissed.  The Taxpayer's Bill of Rights, 26 U.S.C. § 7433, allows a civil action for damages against the United States, not individual defendants, if an officer or employee of the IRS who "in connection with any collection of Federal tax[es] . . recklessly or intentionally, or by reason of negligence, disregards any provision of this title" or the implementing regulations. [4]  26 U.S.C. § 7433(a).  These § 7433 actions allows a Plaintiff to recover the "costs of the action," along with the "actual, direct economic

---

[7] To the extent Plaintiff contends she is no longer challenging the assessment, but instead seeks a refund, her claim still fails:

> When a taxpayer is assessed with an income-tax deficiency, he can challenge the IRS's assessment in one of two ways.  He can pay the tax, request a refund from the IRS, and then file suit in [the Court of Claims] or a district court for a refund. I.R.C. § 7422(a).  Alternatively, he can challenge the deficiency without paying it by filing a petition with the Tax Court. If a taxpayer properly files a petition with the Tax Court, he cannot then file a claim in another court to obtain a credit or refund for the same taxable year. § 6512(a).

*Smith v. United States*, 101 Fed. Cl. 474, 477 (2011) (emphasis added) (some citations omitted).

[4] "The proper name of the Act is the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105–206, §§ 3000–3804, 112 Stat. 685, 726–83 (codified in scattered titles of the U.S.C.)." *Kim v. United States*, 632 F.3d 713, n.1 (D.C. Cir. 2011).

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee." 26 U.S.C. § 7433(b).

In order to bring such a claim, however, the plaintiff must have exhausted her administrative remedies. 26 U.S.C. § 7533(d)(1). Defendants moved to dismiss, arguing that Plaintiff failed to plead exhaustion. Since the Defendants filed their brief, however, our Circuit has found that dismissal for failure to plead exhaustion in § 7433 cases is not appropriate. *Kim v. United States*, 632 F.3d 713 (D.C. Cir. 2011).

However, the instant court notes collection claims must be brought within two years "after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). "The IRS's regulations implementing Section 7433(d)(3) provide that the right of action 'accrues when the taxpayer has had a <u>reasonable opportunity</u> to discover all essential elements of a possible cause of action.'" *Keohane v. United States*, 669 F.3d 325, 328 (D.C. Cir. 2012) (citing 26 C.F.R. § 301.7433–1(g)(2) (emphasis added)).

In the instant case, it unclear when the IRS levied Plaintiff's Social Security Benefits. However, Plaintiff claims she "made many requests for a collection due process hearing on 9/2006 again on 9/21/07 and again on 2/19/08 and up until the present date." (Doc. 3, Pl.'s Pleading at p. 1.) Thus, as early as September 2006 she was aware of the collection activities. The instant action was filed on May 25, 2010, well beyond the two year statute of limitations. Thus, any collection claims will be dismissed. [5]

---

[5] The court notes that Social Security Disability Insurance ("SSDI") payments are exempt from levy by the IRS. 26 U.S.C. § 6334(a)(11)(A). However, Supplemental Security Income or

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

**D.     Due Process Claims**

Plaintiff's pleadings also raise allegations that her Constitutional due process rights were violated.  It is unclear from the record whether Plaintiff asserts her claims against the United States, the individual defendants or both and, if against the individual defendants, whether the claims are against them in their official or individual capacities.  To the extent Plaintiff asserts a due process claim for damages against the United States or the individual defendants in their official capacities, her claims are due to be dismissed because such claims cannot be maintained against such defendants.  *Kim v. United States*, 618 F. Supp. 2d 31, 37-38 (D.D.C. 2009), *rev'd on other grounds,* 632 F.3d 713, 717 (D.C. Cir. 2011).

To the extent Plaintiff attempts to bring her due process claims against the individuals in their official capacities, any claims for damages are likewise due to be dismissed.  The "lower

---

"SSI" benefits are subject to levy.  It is not clear from the record which type of benefits Plaintiff received.  To the extent she challenges the levy because her benefits were exempt, she asserts a collection claim and said claims are untimely.
    Additionally, although Plaintiff indicates she paid amounts in 1999-2008, (s*ee* Doc. 3, Pl.'s Pleading at 2), she only points to tax years 1996-1998 in her documents and Plaintiff cannot assert a continuing violation theory to save her collection claims.  *Keohane v. United States*, 669 F.3d 325, 328 (D.C. Cir. 2012) (rejecting Plaintiff's continuing violation claim relating to levy of social security benefits where Plaintiff was aware of the levy by June 2005, but waited until December 2008 to file a lawsuit).
    Finally, at various points in her pleadings, Plaintiff seems to assert that she was the victim of identity theft, that the tax levy was based on the debt of some third-party and/or that some third-party actually levied the funds.  (*See, e.g.*, Compl. at ECF p. 4; Doc. 9, Pl's Response at ECF p. 14)  Indeed, she has attached documents to her pleadings from various law enforcement officials relating to her unsuccessful attempts to obtain relief for certain alleged wrongdoings.  (*See, e.g.,* Compl. at ECF p. 7, 12, 14; Doc. 9, Pl.'s Response at ECF 14, 17.)  As discussed above, to the extent Plaintiff challenges the collection action, her claims are untimely.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

courts in this jurisdiction have . . . declined to create a *Bivens* remedy to redress injuries alleged by . . . tax protesters, like Plaintiff[], who allege due process violations stemming from purported violations of the IRC." *Kim,* 618 F. Supp.2d 31 at 39 (citations omitted). "[S]uch a remedy is precluded by the 'comprehensive statutory remedial scheme' that Congress established through the Internal Revenue Code" *Id*. (citation omitted).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed in its entirety.

SO ORDERED.
March 30, 2012

                                                                                                         _____
                                                                                                         Robert L. Wilkins
                                                                                                         United States District Judge